UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAZHUSEN KHATRI, Estate,                    Case No. 23-12874

    Plaintiff,                                              F. Kay Behm
v.                                                                United States District Judge

DEARBORN PUBLIC SCHOOLS DISTRICT,
et. al.,

    Defendants.
_____/

### ORDER STRIKING FILINGS AND PERMITTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff, the Estate of Azazhusen Khatri, proceeding *pro se*, filed a complaint against Defendant Dearborn Public Schools District on November 13, 2023.  (ECF No. 1).  Plaintiff alleges that Defendant engaged in bullying and sexual harassment of their minor daughter at school, resulting in a number of violations of their constitutional rights, as well as violations of federal and state statutes.  *Id.* The court first notes that the initial complaint and all related exhibits improperly disclose the full name of Plaintiff's minor daughter, in violation of Federal Rule of Civil Procedure 5.2(a).  Accordingly, the court will **STRIKE** Plaintiff's complaint as improperly filed.

Further, pursuant to Federal Rule of Civil Procedure 8(a), a party's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (the complaint must provide "a short and plain statement showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (A complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").  While a *pro se* pleading is held to a less stringent standard than formal pleadings drafted by lawyers, a *pro se* plaintiff must still satisfy the "facial plausibility" standard of *Iqbal* and *Twombly*.  *Smith v. City of Cleveland*, 2014 WL 639833, at *2 (N.D. Ohio Feb. 18, 2014) (citing *Stanley v. Vining*, 602 F.3d 767, 771 (2010)).

The full statement of Plaintiff's claim is as follows: "COMES NOW, PLAINTIFF and files ITS Complaint against the DEFENDANT pursuant to F.R.C.P. 3 for in school Bullying and Sexual Harassments against our daughter [REDACTED], Estate which created the following violations…"  (ECF No. 1, PageID.1).  Plaintiff then lists 13 different statutes and constitutional provisions that have allegedly been violated, but fails to directly allege any facts showing *how* they have been violated.  *Id.*  Plaintiff attaches a number of exhibits to the complaint that appear

to detail many of the relevant circumstances, but this does not alleviate Plaintiff's duty to state the relevant facts of the case directly in their complaint. *See* Fed. R. Civ. P. 8(a) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."). Additionally, the complaint fails to detail how Plaintiff's rights have been violated, as opposed to their minor daughter's.[1]

Fed. R. Civ. P. 15(a)(2) states that courts should grant leave to amend a complaint "when justice so requires." Plaintiff has not yet filed an amended complaint. In the court's view, under the present circumstances, allowing Plaintiff an opportunity to amend serves the ends of justice. Accordingly, without expressing any view regarding the merits of Plaintiff's claims, the court will afford Plaintiff the opportunity to cure any purported deficiencies by filing an amended complaint. The court **ORDERS** that any amended complaint must be filed within 14 days of entry of this Order. Plaintiff's amended complaint must also correctly abbreviate the names of any minors.

**SO ORDERED**.

---

[1] If it is Plaintiff's minor daughter whose rights have allegedly been violated, Plaintiff must seek appointment as the next friend of the minor plaintiff, who does not have capacity to sue on her own behalf. *See* Fed. R. Civ. P. 17(b)(3); *Allen v. City of Detroit*, No. 20-11489, 2020 WL 6685089, at *1 (E.D. Mich. Nov. 11, 2020).

Date: November 14, 2023								s/ F. Kay Behm
									F. Kay Behm
									United States District Judge