UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAZHUSEN KHATRI ESTATE,
*et al.*,

      Plaintiffs,

v.

DEARBORN PUBLIC SCHOOLS,
*et al.*,

      Defendants.

_____ /

Case No. 23-cv-12874

Hon. F. Kay Behm
United States District Judge

Hon. Anthony P. Patti
U.S. Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S JULY 31, 2025,
REPORT AND RECOMMENDATION (ECF No. 32) AND
<u>OVERRULING PLAINTIFFS' OBJECTIONS (ECF No. 33)</u>**

## I.    PROCEDURAL HISTORY

This matter is before the court on Magistrate Judge Anthony P.

Patti's report and recommendation (R&R), recommending that the court

grant Defendants' motion to dismiss Plaintiffs' third amended

complaint (TAC) (ECF No. 27).  Plaintiffs Azazhusen Khatri and

Ghazala Khatri (or their "Estates") bring this action primarily related

to events surrounding their minor child "Alma."  There is, notably,

another case by almost the same plaintiffs, but related to events

surrounding their other minor child, "Anna."  *See* Case No. 23-12930.

Plaintiffs' complaints across the two sister cases are similar in language, substance, and format, and largely suffer from the same deficiencies. The R&Rs, therefore, are almost identical. However, for unclear reasons, the objections to the R&Rs are slightly different, and so the court enters two separate orders.

The court finds the objections to be without merit and finds there is no need for a response or reply. For the reasons explained, the court **ACCEPTS** and **ADOPTS** the report and recommendation and **DISMISSES** the case.

## II.    FACTUAL BACKGROUND

The relevant facts on this review are limited; the questions are not (at least as to most claims) whether Plaintiffs' allegations manage to clear the bar of Rule 12(b)(6), but instead address more basic issues of standing, representation, compliance with Rule 8, and compliance with the court's orders. The court will not needlessly expend resources rehashing what Magistrate Judge Patti has said already, in detail, summarizing the TAC. *See* ECF No. 32. It is enough to say here that the TAC broadly alleges instances of harassment by other students against Plaintiffs' minor daughter "Alma" (pseudonym) at Dearborn

Public Schools, and allegations about the parents' subsequent treatment by school officials and school officials' alleged failure to respond to the students' behavior as to Alma.  This case was ostensibly brought (in the second amended complaint) by "Azazhusen Khatri, Estate Co-Personal representatives Azazhusen Khatri and Ghazala Khatri, individually; and Azazhusen Khatri as biological Father and General Guardian of Alma Doe, a Minor," but was only signed by Azazhusen Khatri, purportedly on behalf of all Plaintiffs.  ECF No. 24, PageID.419.  However, a non-lawyer cannot litigate claims on another's behalf, and no lawyer appeared on behalf of Plaintiffs.  Plaintiffs were warned about several deficiencies in their second amended complaint, in particular regarding how they named the Plaintiffs in this case.  Specifically, parents cannot litigate cases pro se on behalf of their minor children, nor may the parents litigate this case pro se on behalf of their "estates," whatever those might be.  *See* ECF No. 24, PageID.426.  Accordingly, when Defendants brought a motion to dismiss, the court denied that motion without prejudice, and gave Plaintiffs a chance to replead and cure the deficiencies identified.

The court also adopted the Magistrate Judge's finding that the second amended complaint failed to follow ordinary pleading requirements and was confusing to follow.  *See, e.g.*, ECF No. 24, PageID.431-32 ("In amending his pleading, Plaintiff AK (or any of the others) must avoid lumping together multiple statutes, claims and theories in each count, as it is extraordinarily difficult to discern what the claims are under any given count in the existent pleading, and pleading in this manner again risks dismissal for failure to state a claim.").  The court warned that counsel must appear on behalf of Plaintiffs in order to litigate the minor child's claims or any claims on behalf of the "estates," or risk dismissal.  ECF No. 25, PageID.439.

No attorney appeared, but Plaintiffs then filed a Third Amended Complaint (TAC) (ECF No. 26), and Defendants once again filed a motion to dismiss (ECF No. 27).  This report and recommendation (ECF No. 32) followed the briefing on that motion.  The R&R made a few key findings: first, that the Plaintiffs now consist only of the "estates" of A.K. and G.K., and A.K. and G.K. on behalf of Alma (their minor child), second, that the parents (and their "estates") cannot proceed pro se on behalf of their minor child, third, that the parents cannot proceed "pro

4

se" on behalf of their "estates," and fourth, even assuming the TAC can be construed to include claims brought pro se by the parents on their own behalf, the complaint fails to follow Rule 8 of the Federal Rules of Civil Procedure, not to mention the court's prior orders (*see* ECF No. 24, 25) and therefore merits dismissal in its entirety.

## III.  STANDARD OF REVIEW

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient"). If the court determines that any objections are without merit, it may rule without awaiting the response. ECF No. 32, PageID.664.

## IV.   ANALYSIS

The objections to the report and recommendation are not well taken.  They also substantially exceed Local Rule 7.1's requirement imposing a 25-page limit on filings, which applies to briefs for objections to a report and recommendation.  *See Zimmermann v. Labish*, No. 2:22-CV-12338, 2023 U.S. Dist. LEXIS 176497, at *6 (E.D. Mich. Sep. 29, 2023) (45 page brief for objections exceeded the limit established by LR 7.1).  It is clear from a review of the objections that Plaintiffs primarily oppose Judge Patti's focus on the threshold questions of compliance with this court's orders and of the requirement of counsel, rather than proceeding to the merits of their complaint.  *See, e.g.*, ECF No. 33, PageID.668.  But because Plaintiffs failed to comply with the court's order, the primary focus of the R&R on those failures was not error.  With that in mind, the court proceeds to address each objection in turn.

## 1.  The Magistrate Judge did not err in merely citing exhibits provided by Plaintiffs.

Objection 1 primarily accuses Judge Patti of not construing the complaint in the light most favorable to Plaintiffs (often, by editing out some of their more one-sided verbiage) and by allegedly giving Defendants a procedural "advantage" to allow them to "bypass" the

Rules of Civil Procedure by permitting them not to file an answer while the motion to dismiss is pending.  ECF No. 33, PageID.668-71.  As to the latter point, Plaintiffs appear to misunderstand Rule 12, which requires motions made under the Rule to be filed before filing an answer, and so this objection does not meaningfully respond to the R&R's dispositive findings.  Second, Plaintiffs accuse the Magistrate Judge of "egregious" error by "sanitizing" some of the language in their complaint or relying on exhibits they attached to their second and third amended complaint.  *See* ECF No. 26, PageID.532.  For example, the Magistrate Judge stated that "Plaintiffs also alleged cyberbullying 'by hundreds of students' which occurred on one day, and that Defendants demanded students delete evidence of the cyberbullying."  ECF No. 32, PageID.636.  Plaintiffs say this impermissibly recharacterizes their allegations of a "vicious, targeted campaign" of harassment.  ECF No. 33, PageID.669.

As far as Plaintiffs seem to think that the court may not point out evidence contained in exhibits attached to a complaint, they are wrong. It is well established that, at least in some circumstances, a court may consider matters beyond the pleadings without converting a motion to

dismiss to one for summary judgment under Rule 56.  Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  And when a "written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (citing *Williams v. CitiMortgage, Inc.*, 498 F. App'x. 532, 536 (6th Cir. 2012)).  The court need not close its eyes to the record available and pretend Plaintiffs had not brought these exhibits forward.  Further, all the R&R did was note the competing explanation as provided in Plaintiffs' own exhibit; it did not credit one version of events over another.  *See* ECF No. 32, PageID.636 n.2 (saying only that, "according to Defendant Baydoun, the 'cyber-attack' was the message 'I love you' sent to 3000 students in a school group chat").  Finally, while a court is required to accept the allegations in the complaint as true, the

court is not required to adopt the exact language preferred by Plaintiffs.

Accordingly, the first objection is **OVERRULED**.[1]

## 2.   Whether the parent-plaintiffs brought claims on behalf of themselves or only on behalf of their "estates"

Objection 2 primarily responds to Judge Patti's finding that neither G.K. nor A.K. brought claims individually (on behalf of themselves) because the TAC lists Plaintiffs as "AZAZHUSEN KHATRI, as Executor of The AZAZHUSEN KHATRI Estate, individually; GHAZALA KHATRI, as Executrix of The GHAZALA KHATRI Estate, individually."  The Magistrate Judge recommended that, "[g]iven the phrasing in the caption, and the list of plaintiffs in the first paragraph of the complaint, the Court should find that the TAC does *not* include AK and GK as personal parties, but only as executors of their 'estates.'"  ECF No. 32, PageID.651.  The result, given that

---

[1] Plaintiffs also cite the following sentence: "The court may not weigh the evidence or resolve factual disputes.'  *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997)."  ECF No. 33, PageID.668.  Close enough as a statement of law at the motion to dismiss stage, but the quoted language does not appear in the case cited.  Considering the tone and tenor of the objections and this fabricated quote, the court is left with the strong impression that Plaintiffs did not draft their own brief, and this lack of candor persists throughout their objections.

Plaintiffs may not litigate claims pro se on behalf of their "estates," would be dismissal of all of those claims on that ground.

Plaintiffs say the Magistrate Judge's confusion over what they meant by the case caption is "feigned" and "is irreconcilable with the explicit language of the Third Amended Complaint (TAC)."  ECF No. 33, PageID.672.  This court largely agrees with the Magistrate Judge; the word "individually" in the case caption does not magically clarify what Plaintiffs meant by bringing claims on behalf of their "estates," "individually."  If Plaintiffs meant to bring claims on their own behalf ("individually"), one would think their "Estates" would have no part in the lawsuit, and the inclusion of that language is puzzling to say the least, given the court's warnings to them that they could not litigate such claims absent counsel.  Or, if they meant to bring claims both on behalf of their "estates" (whatever those might be) as well as individually, then why not include the word "and" to clarify what they meant?  No explanation on that point is offered.

The objection repeatedly insists that the complaint's "plain text" makes the R&R's errors clear, but saying it is so does not make it so. The TAC is signed by A.K. as "Executor" of his estate, and the same

goes for G.K.  There are no signatures for themselves on their own behalf.  They both also sign as "Agent/Attorney-in-fact as per Power of Attorney," which the court can only assume is their attempt to show they are attorneys on behalf of their minor daughter (a point the R&R also aptly addresses).  *See* ECF No. 32, PageID.654-55.  So that leaves only the question of whether A.K. and G.K.'s signatures as "executors" of their estates are sufficient to bring claims on their own behalf, liberally construed.  The Magistrate Judge said not: "It is murky, at best, as to whether AK and GK are present in this lawsuit as plaintiffs, personally, or solely as executors of the 'estates.'"  ECF No. 32, PageID.651.  However, a set of claims are seemingly brought by "Plaintiffs and Its Estates," which could be read to imply that they are separate entities (even if, at many other times, Plaintiffs conflate themselves and their "estates").  ECF No. 26, PageID.488.  In the court's view, their signature might be considered somewhat similar to how other pro se litigants, often so-called sovereign citizens, sometimes sign their complaints as a "private American citizen" or "all rights reserved," and the court could simply treat them as an ordinary litigant and ignore the term of art.  Still, the opportunity to object provided the

chance to clarify which claims, specifically, were brought on behalf of the parents individually, particularly when the Magistrate Judge found that none of the claims could be clearly identified as being brought on behalf of the parents personally (and further, that specific claims could not be clearly identified at all). *See* ECF No. 32, PageID.651, 661.

On that point, the objections identify only four specific claims that are brought on behalf of the parents in their individual capacities. ECF No. 33, PageID.674. First, according to Plaintiffs: assault and intentional infliction of emotional distress, which are state law claims, and the court sets those to the side for the moment. *See* ECF No. 33, PageID.674. Next, First Amendment retaliation. ECF No. 33, PageID.675. But that is surprising, because the words "First Amendment" do not appear anywhere in the TAC. The argument, brought for the first time in the objections to the R&R, that the word "retaliation" should have triggered notice that a First Amendment claim had been brought, merely highlights the pleading deficiencies apparent on the face of the complaint, and the court does not agree that a First Amendment claim was properly pled (and will not allow further

amendment to cure that deficiency).[2]   Finally, Plaintiffs allege a

Fourteenth Amendment substantive due process violation.   *See id.*   As

for that claim, the parents say, in full: "The unlawful ban from school

property directly infringed upon the parents' 'fundamental right . . . to

make decisions concerning the care, custody, and control of their

children.'"   ECF No. 33, PageID.675 (citing *Troxel v. Granville,* 530 U.S.

57, 66 (2000)).   But of course, the fundamental right of parents to direct

their child's upbringing is not a freestanding inquiry, impervious to

context.   The right to direct the education and upbringing of one's

children does not guarantee a freestanding right to enter a public school

building (and your child's classroom) at any time, at any hour, and the

unexplained allegation that they were banned from the school building

over email is not sufficient to create a cause of action under this theory.

ECF No. 26, PageID.498.   As the Magistrate Judge more specifically

pointed out, this allegation is also directly refuted by an exhibit

provided in their second amended complaint.   *See* ECF No. 13,

---

[2] Plaintiffs say "a court must read a *pro se* complaint to 'include allegations that arc not explicitly stated but reasonably inferred.'"   ECF No. 33, PageID.673 (citing, allegedly, *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004)).   The quoted phrase does not appear in the cited case, which again casts doubt on Plaintiffs' candor to this court.   Anyway, the court disagrees that a First Amendment retaliation claim could be reasonably inferred from the face of their complaint.

PageID.193.  This exhibit, which is the referenced email from Defendants, states that Plaintiffs G.K. and A.K. are "not permitted to go to your child's classroom," but "must report to the main office upon entering the building."  *Id.*  It further states that they are prohibited from entering STEM Middle School and the Dearborn Heights Campus "without first contacting the main office and speaking directly to Mr. Baydoun or Ms. Alcodray."  *Id.*  The letter states that if urgent matters arise, Defendants would call Alma to the main office and Plaintiffs A.K. and G.K. could meet with her there, but that they could not go directly to Alma's classroom.  *Id.*  The court is not aware of any authority for the proposition that parents have a fundamental right under the Fourteenth Amendment to physically access their child's classroom during the school day without following ordinary check-in procedures to access the school building.  *See Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (substantive-due-process claims require a "careful description" of the asserted fundamental liberty interest); *Lovern v. Edwards*, 190 F.3d 648, 655-56 (4th Cir. 1999) (holding that school administrators need not provide a parent with "boundless access to school property" because "school officials have the authority to control

students and school personnel on school property, and also have the

authority and responsibility for assuring that parents and third parties

conduct themselves appropriately while on school property"); *Ajenifuja*

*v. Owusu*, No. 23-1598, 2024 U.S. Dist. LEXIS 52054, at *15 (D. Md.

Mar. 25, 2024) ("Courts have uniformly held that parents do not have a

constitutional right to enter school premises.") (collecting cases);

*Wheatley v. Boardman Local Sch.*, No. 4:21-cv-1831, 2022 U.S. Dist.

LEXIS 112491, at *22 (N.D. Ohio June 24, 2022) ("courts routinely

dismiss due process claims when schools, like the District here, prohibit

parents from entering school property after the parent behaves

inappropriately at [] school . . ."). Thus, of the four claims that

Plaintiffs allege were brought specifically by the parents in their

personal capacities, one (the alleged First Amendment claim) was not

properly pled in the TAC itself, and the substantive due process claim

lacks merit. Meanwhile, all other claims are being dismissed on other

grounds, so the court declines to exercise supplemental jurisdiction over

the two state law claims (even assuming they might be properly pled).

A district court "may decline to exercise supplemental jurisdiction over

a claim . . . if . . . the district court has dismissed all claims over which it

has original jurisdiction[.]"  28 U.S.C. § 1367(c).  Generally, district

courts should decline to exercise supplemental jurisdiction over state

law claims when all federal law claims have been dismissed from the

case before trial.  *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363

(6th Cir. 2008).

      To the extent that there might have been any other federal claims

intended to have been brought by the parents, and not by their

"estates," Plaintiffs do not specifically identify any others in their

objections.  The court will not go searching for those claims in the

hodgepodge assortment presented in the TAC.  As explained further

below, the TAC's failure to comply with Rule 8's mandate makes it

unnecessary for the court to try and figure out which claims belong to

A.K. and G.K. personally and which ones they considered property of

their "estates."  As Judge Patti pointed out, "courts may not rewrite a

complaint to include claims that were never presented . . . nor may

courts construct the Plaintiff's legal arguments for him . . . . [N]either

may the Court 'conjure up unpled allegations[.]'"  *Rogers v. Detroit

Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009).  The original

R&R (ECF No. 24) and court order (ECF No. 25) made it clear to

Plaintiffs that they could not bring unrepresented claims on behalf of their estates; any prejudice to Plaintiffs for failing to differentiate claims of the estates and their personal capacities is, at this point, a problem of their own making.

The objection is **OVERRULED**; the Magistrate Judge did not err in concluding that Plaintiffs did not clearly bring any claims on behalf of the parents rather than their "Estates," and as to the only four claims that Plaintiffs specifically object to and identify as belonging to the parents (and not their estates), the court addresses those more specifically above.

### 3.    Parents cannot represent their children pro se.

Next, Plaintiffs object to Judge Patti's finding that parents may not represent their children pro se.  At times, they directly seem to argue with that legal conclusion.  *See* ECF No. 33, PageID.679 (arguing, incorrectly, that "a parent proceeding *pro se* as a next friend is not engaged in the unauthorized practice of law.").  But confusingly, Plaintiffs then admit that "a non-lawyer parent cannot act as a formal legal representative or counsel for their child."  ECF No. 33, PageID.680 (emphasis omitted).  It therefore appears that their actual objection, in

18

substance, is that "according to [that] logic, [Alma's] parents cannot sue for her without counsel they have documented they cannot obtain." *Id.* But the requirement that a parent, suing on behalf of a minor, must be represented by counsel, is not "error;" it is simply an accurate statement of the law that A.K. and G.K. must abide by.  "Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds* by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Plaintiffs were given an opportunity to find counsel, but did not; any claims on behalf of Alma must be dismissed for failure to obtain counsel, and the objection is **OVERRULED**.[3]

---

[3] Again, to make their point that "next friend" status somehow confers them the right to litigate this case, Plaintiffs fabricate a quote from *Myers v. Loudoun Cnty. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005).  ECF No. 33, PageID.679. The quoted language does not appear in that case, and that case stands for the opposite proposition they cite it for: "We [] join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court." *Id.*  Then, Plaintiffs cite *Johns v. Cty. of San Diego*, 114 F.3d 874 (9th Cir. 1997) with quoted language.  Although the alleged quote is an accurate statement of law, the quote is fabricated.  Meanwhile, their third citation is entirely incorrect.  Plaintiffs say, "The Second Circuit has similarly recognized that parents may bring *pro se* actions on behalf of their children."  ECF No. 33, PageID.679 (citing *Cheung v. Youth Orchestra Found., Inc.*,

**4.    The Magistrate's finding of noncompliance with the court's prior orders was not error.**

Next, Plaintiffs take issue with Judge Patti's findings of noncompliance with the court's prior orders.  ECF No. 33, PageID.681. But in substance, Plaintiffs cannot meaningfully argue that they did not, in fact, comply with the court's orders.  This court warned Plaintiffs that "if no counsel has filed an appearance on behalf of Plaintiffs [minor child], the Estate, or GK (and in the case of GK, if she has not alternatively filed a notice to proceed *pro se*) by **September 21, 2024,** they will be dismissed from this lawsuit without prejudice, pursuant to Eastern District of Michigan Local Rule 41.2."  ECF No. 25, PageID.439 (emphasis in original).  No attorney has appeared, and so they have failed to comply with the court's order.  *See id.*  It does not matter that they have attempted to find counsel (*see* ECF No. 33, PageID.683), because the result is the same – no counsel has appeared.  Plaintiffs

---

906 F.2d 59, 61 (2d Cir. 1990)).  That case says the opposite: "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Id.*  Plaintiffs' lack of candor and blatant misrepresentation of case law remains troubling.  *See Ridder v. City of Springfield*, 109 F.3d 288, 293, 298 (6th Cir. 1997) (pro se litigants are subject to the same duty of candor as other litigants and are covered by Rule 11).  Because the court dismisses the case on this order, the court will not order Plaintiffs to show cause why they misrepresented cases to the court, but would have otherwise considered sanctions for this conduct.

apparently object to referring to this failure as "willful," ECF No. 33, PageID.681, but fail to consider that, whether or not the conduct was "willful," the failure was undoubtedly attributable to their "fault." *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (the test is "whether the party's failure is due to willfulness, bad faith, *or fault*") (emphasis added). Moreover, although Plaintiffs say the Magistrate Judge failed to consider lesser sanctions, both Judge Patti and this court did consider and implement lesser sanctions; Defendants' prior motion to dismiss was denied in order to give Plaintiffs an opportunity to replead and find counsel. The lesser sanction, and a warning, has come and gone – but given that chance, Plaintiffs did not find counsel, and so the claims that require counsel must be dismissed.[4]

The objection is **OVERRULED**.

---

[4] It was not, as Plaintiffs argue, the court's job to obtain pro bono counsel on their behalf. A court may make a referral for pro bono counsel, but neither this court nor the Magistrate Judge was obligated to do so. *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) ("The appointment of counsel in a civil proceeding is justified only by exceptional circumstances."); *see also Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) ("There is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel"); *Carr v. NA. Ouisha Wilkerson*, No. 2:24-cv-11508, 2025 U.S. Dist. LEXIS 119670, at *3 (E.D. Mich. June 23, 2025) ("Due to the limited number of *pro bono* counsel who are willing and available and the large number of those who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice.").

5.   **Plaintiffs argue that dismissal with prejudice is unwarranted under Rule 41(b), but the Magistrate Judge only recommended dismissal <u>without</u> prejudice on that ground.**

In their next objection, Plaintiffs argue that the R&R impermissibly recommended dismissal with prejudice under Rule 41, noting that dismissal with prejudice is meant to be a sanction of last resort.  Plaintiffs appear to have misunderstood the R&R.  The R&R did not recommend dismissal with prejudice under Rule 41.  It proceeded instead in several steps.  Assuming that this court agreed that the only claims in the TAC were brought by the "estates" and on behalf of Alma (aka, all claims that require a lawyer), the R&R only recommended dismissal <u>without</u> prejudice.  ECF No. 32, PageID.657.  That is, assuming the only claims left in this case were brought pro se on behalf of other parties with interests that require a lawyer's presence (aka, Alma's claims or her interest in her parents' estates), the Magistrate Judge was rightfully hesitant to dismiss them with prejudice.  Plaintiffs' objection to dismissal with prejudice therefore misunderstands his findings and recommendation.

Notably, the R&R did later recommend dismissal with prejudice as to any claims brought by A.K. and G.K. personally, but only if this court construed any claims to have been brought by them personally. The objection improperly argues that the R&R recommended dismissal of those claims under Rule 41.  ECF No. 33, PageID.687.  That is incorrect; the R&R recommended dismissal of those claims (if any) under Rule 8, which poses a different standard that was not addressed in this objection, and so the failure to properly object releases this court of the need to independently review the matter de novo.  *See* ECF No. 32, PageID.662; *see Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The court nonetheless agrees with dismissal under Rule 8, as explained elsewhere.

As to the dismissal without prejudice under Rule 41, while the dismissal of an action for failure to comply "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff," *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting citation omitted), "the sanction of dismissal without prejudice is a comparatively lenient sanction" that is

reviewed under a more "relaxed" standard. *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004). As far as any dismissal, even one without prejudice, might operate in fact to bar some of Plaintiffs' claims, Plaintiffs make no specific argument on that point, and the court agrees that Plaintiffs were adequately warned of this possible sanction and of the fruitlessness of lesser sanctions. ECF No. 32, PageID.657. The objection to dismissal with(out) prejudice is **OVERRULED**.

## 6.   The Magistrate Judge's warning of future sanctions was not error.

Plaintiffs next take issue with the Magistrate Judge's statement that, "[s]hould AK and GK file *again* on purported behalf of the minor or the 'estates' in abrogation of this Court's repeated directives, they would likely be at risk of a hefty monetary sanction to compensate for costs and expenses incurred by Defendants in having to repeatedly defend themselves." ECF No. 32, PageID.658. Consistent with the tenor of the language used throughout their objections, Plaintiffs refer to this as "the Magistrate Judge abandon[ing] all pretense of judicial neutrality and issu[ing] a chilling, prospective threat." ECF No. 33, PageID.688. As this was a fairly ordinary warning to Plaintiffs that the

court will not expend more resources relitigating Plaintiffs' attempts to proceed pro se on behalf of their minor daughter or their "Estates," the court finds no error in this warning and adopts it.  Given the Magistrate Judge's recommendation to dismiss Alma's claims without prejudice, the court reminds Plaintiffs that this warned-of sanction does not prevent Plaintiffs from simply obtaining counsel and filing a new case on behalf of their minor daughter; the merits of her complaint are independent of the procedural deficiencies at issue here.  It simply warns Plaintiffs that a repeated attempt to represent their daughter pro se will be treated as a frivolous waste of judicial resources and, in light of the many prior warnings on this point, sanctionable conduct. The objection is **OVERRULED**.[5]

### 7.    The Magistrate Judge did not misconstrue the requirements of Rule 8.

Plaintiffs next object that the "Magistrate Judge Perversely Weaponized Rule 8 to Punish Plaintiffs for Complying with the

---

[5] Again, Plaintiffs falsely quote *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971), to stand for the proposition of the "fundamental constitutional right of access to the courts."  Granting that the case generally addresses access to the courts, the quoted phrase does not appear on the cited page or anywhere in the case.

Supreme Court's Mandates in *Iqbal* and *Twombly*, Thereby Creating an

Unconstitutional Catch-22."  ECF No. 33, PageID.691.  Specifically,

Plaintiffs seem to believe that Rule 8's "short and plain" language "is a

nostalgic relic of a bygone era of notice pleading, an era that the

Supreme Court has definitively ended" in *Iqbal*.  ECF No. 33,

PageID.692.  Therefore, they say, they were entitled to make their TAC

as long as they did.  Plaintiffs cite no legal authority for the proposition

that Rule 8 has been somehow judicially overruled, nor do they explain

how, specifically, the Magistrate Judge erred by finding their factual

allegations deficient.  *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th

Cir. 2021) (What Rule 8 proscribes is *obfuscation* of the plaintiff's

claims.").  The Magistrate Judge found that:

> Plaintiffs lump together multiple statutes, claims
> and theories in each count, and as before, the
> pleading often flips back and forth between
> referencing the singular "Plaintiff" and the plural
> "Plaintiffs," or between the "parents" or the
> "estates," or any other purported party.  Indeed,
> it appears to the Court that the heart of the
> problem is that Plaintiffs believe the rights and
> claims of GK, AK, Alma, and the estates are all
> interchangeable and synonymous.  Adding to the
> complication is Plaintiffs' attempt to include
> seemingly a multitude of related and unrelated
> statutes and theories of relief in multiple counts.
> The result is nothing short of chaos.

ECF No. 32, PageID.660-61.

On its own review of the TAC, and as further detailed in the next section, the court agrees that the TAC does not satisfy Rule 8. For only one example, Plaintiffs bring up their alleged First Amendment retaliation claim in this objection as an example of how their complaint was well-pled and needed detailed factual allegations to develop their claim (ECF No. 33, PageID.693), but again, the words "First Amendment," "protected speech," or even "speech" *never appear* in their TAC at all. So that argument instead serves as an apt example of how the TAC fails to comply with Rule 8; it did not include a "short and plain statement" to put Defendants on notice of a First Amendment claim, and their meandering allegations obfuscated, rather than revealed, that claim. The objection is **OVERRULED**.

8. **The complaint is difficult to follow, and so the Magistrate Judge did not err in finding it violated Rule 8.**

Relatedly, Plaintiffs next object that the Magistrate Judge erred in concluding that the "Third Amended Complaint (TAC) [is] a 'muddled

mess' that improperly 'lumps together' claims and parties and 'flips back and forth.'" *See* ECF No. 33, PageID.694.

But this court, too, had significant difficulty trying to parse Plaintiffs' claims.  Although Plaintiffs argue that their claims are clearly separated into "Alma Doe" claims (on behalf of their daughter) followed by "Plaintiffs and its Estates Claims," this distinction is not clearly followed in the complaint itself.  Just to pick one example at random, under "Alma Doe Claims," the TAC reads "Defendants (DPS, Alcodray, Baydoun, and Mashhour) engaged in egregious and retaliatory conduct by imposing an unwarranted ban on Plaintiff (Khatri Parents) from accessing the DPS Dearborn Heights Complex." ECF No. 26, PageID.480.  But the objections say that entire section is "brought exclusively on behalf of the minor child and detail the constitutional violations she personally suffered."  ECF No. 33, PageID.695.  How did that affect Alma Doe's rights rather than those of her parents?  Unclear.  At minimum, Plaintiffs' allegations are difficult to follow even within the alleged structure they claim is present.

But anyway, taking the objections at their word, for purposes of this opinion the court operates under the assumption that Counts I-IX

may all be dismissed for failure to obtain counsel on behalf of Alma, and deals only with the Counts that are (ostensibly) brought on behalf of the parents or their estates.  Those counts, too, are impossible to parse. The court cannot determine a) which claims are brought on behalf of the parents and which belong to the "estates," or b) what the claim is at all. Just take, for example, Count X, which is brought for "Failure to Comply with U.S. Constitution 14th Amendment, and 42 U.S.C. §§ 1981, 1983; Title IX, 20 U.S.C. § 1681 et seq.; Civil Rights 18 U.S.C. §§ 242, 245, 1001, 1752; and RICO Laws 18 U.S.C. §§ 1961-68."  Within that single count, Plaintiffs say their fundamental rights were violated, but do not clearly say which rights.  ECF No. 26, PageID.488, ¶ 157. They cite the above various statutes, but do not explain their theory of liability under each one individually.  There is, apparently, the school's failure to notify parents about bullying, failure to discipline bullies, and failure to train staff in a single paragraph (under which statute? Unclear.).  *Id.* at ¶ 159.  There are references to failure to comply with Michigan law, but how those alleged violations relate to the federal statutes cited in the count is left unexplained.  *Id.* at ¶ 161.  They allege the school and school officials' actions against them are a RICO

conspiracy, without pointing to the predicate RICO racketeering violation. *Id.* at ¶ 165. They cite to Michigan statutes in the following paragraph, but again do not explain how those alleged state law violations relate to the federal statutes they bring the count under. *Id.* at ¶ 166. But in the next paragraph, the claim becomes one of ethnic intimidation (under what statute or constitutional provision, the court is unsure). *Id.* at ¶ 167. And the count wraps up with a due process violation (but what process, specifically, was supposed to happen, the court is left to guess). *Id.* at ¶ 168. And who, specifically, is responsible for each of these specific violations? Against which parent? Or against which "estate"? The court has no idea. The Magistrate Judge did not err in finding this mishmash of claims and parties confusing; nor did he err by finding that the failure to rectify this pleading problem constituted a failure to comply with the court's prior order or satisfy Rule 8. It is not the court's job to try and sort through this haphazard assortment of allegations to try and neatly line them up; Plaintiffs were warned about this issue. *See* ECF No. 24, PageID.432. The court can only go so far in the exercise of liberally construing Plaintiffs' pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even in

pleadings drafted by pro se parties, "'courts should not have to guess at nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Even liberally construed, Plaintiffs' failure to correct the problem given an opportunity to amend hardly gives the court a good reason to try and hunt for a cognizable claim.  Again, assuming any claims on behalf of the Estates and Alma must be dismissed for lack of representation, Plaintiffs have identified in their objections only four specific claims brought on behalf of the parents for this court's review, and the court has already addressed those four above.[6]

And once more, Plaintiffs criticize the Magistrate Judge for "focus[ing] exclusively on imagined procedural flaws . . . while remaining utterly silent on the shocking, fact-specific constitutional violations that form the heart of this case."  ECF No. 33, PageID.698.  But as is the case in each of their objections, Plaintiffs fail to respond to the procedural flaws upon which the R&R rests; most obviously, their

---

[6] Here, they add an alleged "malicious prosecution" claim via a "false police report," citing the TAC at ¶ 70.  ECF No. 33, PageID.693.  But that paragraph says nothing of the sort, so that limited objection is meritless.

failure to obtain representation and failure to clearly delineate each cause of action or the parties involved.  Objection #8 is **OVERRULED**.[7]

### 9.   The Magistrate Judge correctly identified the procedural hurdles for Plaintiffs to clear.

In the ninth objection, Plaintiffs generally say the R&R is devoid of analysis, which is an odd thing to say about a 30-page order that specifically identifies the grounds upon which it rests.  Nor does that argument object to a specific finding in the R&R.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  This objection tracks a theme in Plaintiffs' briefing that comes up again and again and is explained several times above; Plaintiffs skip right over the major procedural hurdles that the Magistrate Judge identified in order to emphasize the allegedly meritorious nature of their claims.  But the procedural hurdles identified by this court and the Magistrate Judge are not an "act of evasion," a "smokescreen," or "flawed methodology," as Plaintiffs say.  *See* ECF No. 33, PageID.699-700.  They are simply rules by which

---

[7] Once more, although Plaintiffs are right that pro se pleadings should be liberally construed, they falsely quote *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); the quoted phrase "benefit of the doubt" does not appear anywhere in the case.  *See* ECF No. 33, PageID.698.

all litigants, including those with meritorious claims, must abide.  This objection is **OVERRULED**.

### 10.    Defendants are not required to file an answer while a motion is pending under Rule 12.

Objection 10 argues, in essence, that Defendants have engaged in abusive litigation tactics by filing motions to dismiss under Rule 12 prior to filing an answer.  *See* ECF No. 33, PageID.704.  Since that course of conduct is permitted by the Federal Rules of Civil Procedure (*see* Fed. R. Civ. P. 12(a)(4)), and both the Magistrate Judge and this court finds the motion to dismiss is meritorious, the objection is **OVERRULED**.

### 11.    The court need not reach the merits of Plaintiffs' ADA and Rehabilitation Act claims.

Objection 11 argues that the Magistrate Judge erred by not addressing Counts III and XII, which brought ADA and Rehabilitation Act claims.  ECF No. 33, PageID.704.  But once more, Plaintiffs ignore that they cannot bring those claims on behalf of their minor child without an attorney, nor do they explain why they or their "estates" would have standing to bring those claims independently.  Further, the

Magistrate Judge generally found that any claims brought by the parents personally should be dismissed under Rule 8 for failure to clearly identify such claims. ECF No. 32, PageID.660-61. When Plaintiffs, responding to that finding, elsewhere identified four specific claims allegedly brought by the parents in their objections, no ADA or Rehabilitation Act claims were included, so the court will not assume a claim on their behalf where none has been clearly identified or objected to. *See* ECF No. 33, PageID.674; *see also* ECF No. 33, PageID.693 (same set of four). The Magistrate Judge did not err in declining to reach the merits of their disability-related claims (by recommending their dismissal on other grounds), and the objection is **OVERRULED**.

## V. CONCLUSION

Therefore, the court **ACCEPTS** and **ADOPTS** the report and recommendation, **OVERRULES** the objections, and finds that no response is necessary. To the extent the TAC brings any claims by A.K. and G.K. personally, those claims are **DISMISSED WITH PREJUDICE**. To the extent the TAC brought claims on behalf of the minor child Alma, or on behalf of her parents' "Estates," those claims

are **DISMISSED WITHOUT PREJUDICE**.  This is a final order and

closes the case.

      **SO ORDERED**.


Date: August 21, 2025               <u>s/F. Kay Behm</u>
                                          F. Kay Behm
                                          United States District Judge